UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY D. PRESTON and
SANDRA L. PRESTON,

      Plaintiffs,

v.                                  CASE NO.: 8:10-cv-2300-T-23TBM

JEFFREY D. FISHMAN, TRUSTEE
FOR THE FMC PROFIT SHARING PLAN,
a trust, and FISHMAN MORTGAGE
CORPORATION,

      Defendants.
_____/

### ORDER

The plaintiffs assert claims under the Truth in Lending Act ("TILA"), 15 U.S.C.

§ 1601 et seq., and the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C.

§ 1639 et seq., and seek to enjoin (Doc. 1) a state foreclosure action, Fishman v.

Jerry D. Preston, et al., 10-CA-000772, (the "state foreclosure action") initiated by the

defendants on January 14, 2010, nine months before the plaintiffs initiated this action on

October 14, 2010.  The defendants' September 1, 2010, amended state complaint

requests both a foreclosure and a declaratory judgment determining that the plaintiffs

possess no right to rescission under TILA and HOEPA.  The defendants move (Doc. 5)

to stay this action pending final disposition of the state case and assert (1) that "[t]his

exact transaction is the subject of an action between identical parties [in state court],"

(2) that the parties have engaged in extensive discovery, and (3) that "[t]here will be no

prejudice to the Plaintiffs" because the state court will rule on each of the plaintiffs'

claims.  The plaintiffs respond but fail to identify any claim or remedy available through a federal action (and not redundant of a pending or available claim or defense in the state foreclosure action).  The plaintiffs' memorandum states that the plaintiffs deliberately and purposefully forbore attempting to remove the state action.  (Doc. 9, Page 5)

A district court may stay a case in deference to a ongoing parallel action in state court.  Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976).  The decision to stay "is largely committed to the discretion of the district court," Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662 (1978), and governed by "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive dispositions of litigation.'"  Colorado River, 424 U.S. at 817.

Considerations governing the grant of a stay include (1) whether one court has assumed jurisdiction over property, (2) the inconvenience of the federal forum compared to the state forum, (3) the potential for piecemeal litigation, (4) which court obtained jurisdiction first, (5) whether federal or state law governs the action, and (6) the adequacy of the state court to protect the parties' rights.  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983).  A district court should apply each factor "in a pragmatic, flexible manner with a view to the realities of the case at hand."  Cone, 460 U.S. at 21.  "One factor alone can be the sole motivating reason for the abstention."  Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994 (11th Cir. 2004), Cone 460 U.S. at 16 (noting that the desire to avoid piecemeal litigation was the driving force behind abstention in Colorado River).

The first factor preserves federal-state comity and, in this instance, favors a stay. The plaintiffs in this later-filed federal action (Doc. 1, Page 10) seek to federally adjudge issues pending in state court as defenses to foreclosure and seek to supersede and enjoin the state foreclosure action, although a state court typically adjudges foreclosure and other claims determining the title to, and the disposition of, real property.  An injunction against a pending state action is an extraordinary remedy available only in a confined cohort of circumstances, such as the preservation of a federal court's jurisdiction against unwarranted intrusion by the state, a circumstance not present in this instance.

The second factor weighs the comparative convenience of each forum.  Because both actions pend in Tampa, geographic convenience weighs in favor of neither the federal nor the state forum.  However, because the state action has advanced through discovery and a dispositive motion and toward trial, the sudden and unnecessary disruption of the state action threatens loss of energy, time, and resources invested in the state case by the parties, the lawyers, the court, and the public, who pays the cost of the judiciary.  This factor weighs in favor of a stay.

The third factor focuses on the avoidance of piecemeal litigation.  The parties and the subject matter of the two actions are nearly identical.  Maintenance of parallel actions creates the opportunity both for an unseemly "race" between the state and federal courts and for inconsistent results at the race's conclusion.  Neither forum offers a claim, a defense, or a remedy unavailable in the other.  The third factor weighs strongly in favor of a stay.

The fourth factor considers the sequence in which the courts obtained jurisdiction and weighs the relative progress of the two actions.  The state foreclosure action commenced on January 14, 2010, exactly nine months before the plaintiffs initiated this action on October 14, 2010.  The plaintiffs conducted extensive discovery in the state foreclosure action (which undoubtedly assisted the framing of their federal complaint) and the state court denied a summary judgment motion.  (Doc. 5, Ex. A)  The fourth factor weighs strongly in favor of a stay.

The fifth factor asks whether state or federal law governs the dispute.  The core dispute is a mortgage foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law.  The borrowers conceive the availability, based on certain federal statutes, of a defense to foreclosure.  However, the borrowers may assert a federal defense (or the same matter as a counterclaim) in state court.  The proposed defense notwithstanding, mortgage foreclosure and real property are signally a state law concern.  The fifth factor favors a stay.

Finally, the sixth factor considers the adequacy of the state court to protect the parties' rights.  Nothing in the record establishes any superiority of the federal to the state forum.  On the contrary, the state forum enjoys a surpassing advantage in experience in, and knowledge of, foreclosure and pertinent state property law principles.  The state court is well-situated to manage any prospective issue under TILA or HOEPA.  (Doc. 9, Page 5)  The sixth factor favors a stay.

<u>CONCLUSION</u>

The motion (Doc. 5) is **GRANTED**, and the action is **STAYED** pending final resolution of the state foreclosure action.  <u>Andrews v. Southern Discount Co. of Georgia</u>, 662 F.2d 722 (11th Cir. 1981).  The Clerk is directed to (1) terminate any pending motion and (2) administratively close the case.  Within thirty days after entry of a final judgment in the state foreclosure action, either party may move to re-open.

ORDERED in Tampa, Florida, on January 14, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE